The court asked the parties to brief the question of whether Mr. Greenwood obtained a new judgment. And the answer is that he did. He obtained a new judgment when he received a new sentence after his previous sentence was vacated as unconstitutional. That's clear from this court's decisions in cases like Lampton and also Scott v. Hubert. The fact that Mr. Greenwood is, in this petition, attacking his underlying conviction doesn't change the fact that the judgment he's attacking, which is dispositive under Magwood, is new and being attacked for the first time, which means his current petition can't be second or successive. Let me ask you, Mr. D'Aguinos, good afternoon. And we appreciate the good briefing that we, I know you're appointed and the briefing on both sides is very good. This is a kind of an unusual case where the key Supreme Court decision, Magwood, seems to me doesn't resolve the question. Um, and then none of our circuit cases really directly addresses it either. And of course, that question is, can you attack the underlying undisturbed conviction after you've received a new sentence? So, I mean, I've been trying to understand, you know, what Magwood says and what it doesn't. So Magwood says it emphasizes that the errors alleged in the, in that case were new. It says it is obvious to us that Magwood's claim of ineffective assistance at resentencing turns upon new errors. And then the court goes on to say about the fair warning claim in that case, that that was a new error as well, because it was made again the second time around. So my question to you then is the error that Mr. Greenwood claims in this case, is it a new error or is it an old error within the way that Magwood talks about that issue? Thank you, Your Honor. First, I would say that that passage that respondent relies upon in Magwood is dicta, is not necessary or essential to the holding of the case. The court does observe in that case that the errors are new, but it does so by way of explaining that, um, it's not, it's not clear what it's explaining. The rule in Magwood is one of statutory interpretation because the question before the court was whether Mr. Magwood's petition was second or successive. So they had to determine what second or successive, which is a term of art, is referring to. And they decided that it's referring to the judgment being challenged. Oh yeah, I understand all that. I'm just, the court said that and then in a paragraph, I don't know if it's dicta or not, even if it is dicta, let's assume it is, it's still Supreme Court dicta. Um, so the, the, the errors in this case, are they new or are they old? The error, the errors being claimed in this case are old errors, but if it's old, not only is it old, but it was an error that was raised in a previous petition that was dismissed as untimely, right? Correct, Your Honor. Okay, so why can't we just distinguish Magwood on that basis? We, we have old errors alleged here in Magwood. It was only new because Magwood was authoritatively The question before this court is, is this previous petition second or successive? And Magwood instructs all the lower courts and the Supreme Court itself to make that determination by examining which judgment is being attacked. It does not provide that the analysis incorporates an element of whether the claims that are being raised against a new judgment are themselves new. All that matters is whether the judgment itself is new. So we should just ignore that language. Yes, Your Honor. Okay, well, thanks for your candor. I, I think it's clear, Your Honor, if I may, uh, continue and I think it may be helpful that in order to, uh, in order to hold that, that what matters is whether the claim, the errors being raised are new, the court would have to embrace precisely the framework that the Supreme Court rejected in Magwood. So this was proposed in Magwood itself that what should be the claims being raised and if they've been raised previously, or if there's an opportunity to previously raise them, they should be deemed second or successive. And it was precisely that which the court said was impossible under the statutory text because the text refers to an application for relief from a state court judgment. And so if not second or successive, if, if the judgment is new and therefore is being challenged for the first time, even if the error is being raised, even if the error being raised has been previously raised, it's being raised for the first time with respect to the underlying judgment. And I believe, um, can I ask you about something different? Um, uh, plenty of our decisions say that we can find a petition successive if it constitutes an abuse of the writ. We have scores of cases that say that, um, after Magwood, can we still can we find a writ doctrine that predated Magwood? What, or I'm sorry, the predated EDPA was reshaped by EDPA. So the abuse of writ concerns were raised in Magwood and the court expressly said that there, you know, there are many pre EDPA cases and those aren't what they were consulting because the abuse of the writ doctrine as it exists before Magwood was modified. And the rules that were set forth in the statute were for second or successive petitions. Is the part is the part of Magwood that you're relying on a majority opinion of the court? Because not all of Justice Thomas's opinion is a majority opinion. That's that's that's true, Your Honor. Um, I would say that the think about that for a moment. It's part four B of Justice Thomas's opinion. For whatever reason, Justice Breyer didn't join that part. So it's not a majority opinion. It's a bit mysterious to me. What impact that has on the opinion. But one view of it, it seems to me, would be that the abuse of the writ principles still apply. And if they do, seems to me that we have here a clear abuse of the writ because very same claim was raised before in 2002 dismissed. Understood, Your Honor. I would I mean, I understand it's not a presidential opinion of the Supreme Court, but the the fact that Congress saw fit to speak to this issue and to set out what what it determined to be second or successive, I don't believe should be understood to operate in parallel and without displacing the pre existing abuse of the writ doctrine. It seems clear that Congress was trying to solve a problem broadly and to do so only with the scope that it had in mind. Um, if it had intended to allow to remain the existing common law doctrine of abuse of the writ with respect to second or successive determinations, it seems pretty clear that it would have said so. I'm just thinking we've been talking about Judge Fay on our court because he died recently, and he was on our court one time, and I was struck that Judge Fay wrote a concurrence in the aims of Norris opinion for 11th Circuit, and he said, you know, and I'll be honest with you makes a lot of sense to me. He said, Look, I understand where the majority is going in that case, which is similar to our case. But he said he just has doubts about whether it's really applying Magwood correctly. Now, he ultimately concurred because of in sort of 11th Circuit precedent. But he just expressed some doubt on this question. You know, it's just a very strange. It's a very, very strange question. I understood your honor. I think I can make two helpful points. Speaking to that first is that the so the Supreme Court did consider the risks of abuses of the writ, and it felt that the those abuses would be adequately mitigated by the fact that procedural default rules still apply. So if you have failed to previously exhaust these claims, that's going to get you knocked out. And also, petitioners aren't going to obtain relief unless they satisfy Ed pose requirements for showing a violation of clearly established federal law. But I think even more importantly than that, the reason that Judge Fay, well, not that I purport to read his mind, his concurrence was very short. But the reason he concurred was that, as you said, 11th Circuit precedent that he must have felt dictated the result in the case. The 11th Circuit precedent in question was Ferreira, which is a case that I wouldn't even say an analog. It has a duplicate in the Fifth Circuit. Scott P. Hubert is exactly the same for our purposes. That's a finality case. It's not a successive. That's not a successive case. So what about Lampton and Barnes, though? Are we bound to follow Lampton, which talks about Barnes? I, to be honest, your honor, I'm not sure of the impetus of Barnes, which is an unpublished opinion having been embraced in Lampton. I don't know that that raises the holding or reasoning of Barnes to the level of precedential. But I do think that it's extremely telling that the case in Barnes, which is so much like our case, was used by this court in Lampton as an illustration of what resentencing looks like when there is you have a preexisting sense, in that case, a life sentence, habeas petition. Then there is a state state relief provided that corrects the life sentence to 99 years, followed by another habeas petition. That might as well be this case. And the only distinction is that that case challenged in this later in time habeas petition, the underlying, the sentence rather, and our petition challenges the underlying conviction. Does Lampton provide the rule itself that you wish us to follow? No, your honor, it does. It does not apply the rule. I think that Lampton is doesn't provide the rule. I understand the facts turned out to be slightly different because of the multiple claims and all that sort of thing. But did Lampton state the correct rule that you would like us to follow? I don't believe so. Not by itself. I think taken in conjunction with Scott v. Hubert, which I believe speaks to more than just at the finality. I think that the principle of judgment finality that it states is one that would apply both. They're all within the same statutory provision, but in 2244B as well as 2244D1. Lampton was a case where what was vacated was one of the underlying convictions. And so it wouldn't be sufficiently analogous here where what was vacated was the sentence. So it could be distinguished on that basis. Didn't Lampton itself discuss when it's a sentence versus a conviction? Or did it not mention that? It spoke to the fact that what was being challenged in the later in time habeas petition was a part of the sentence, pardon me, part of the judgment that had been left untouched by the what remained was a continuing criminal enterprise conviction and sentence. And I think it's not like this case because there was a surviving piece of the judgment that had never been touched or invalidated. And that's also a ground that was noted in Hensley. The underlying 60 year sentence for armed robbery had never been invalidated and simply reinstated after the habitual offender finding was vacated because of ineffective assistance issues. But I thought that Lampton says in both Magwood and Barnes, the prior petition had yielded a new sentence and hence a new judgment. Not so here. Lampton's sentence remained intact. Isn't that helpful to your case? Yes, your honor. I mean, it's not a trick question. I apologize, your honor. Yes, I think it is. It is. It is certainly as simple as a new sentence yields a new judgment. And it's the rule stops there. It's categorical. Let me so I know that the principal question y'all are called on to brief was whether there was a new sentence here. And I do recognize that the agreed order in judgment says that the life without parole sentence was vacated and Greenwood was resentenced to life with possibility of parole. So I'd like to probe into that a little bit as a matter of Mississippi law. I guess my first question is, when Greenwood was sentenced the first time, was he was he sentenced under the first degree murder provision of Mississippi law? I'm thinking of 97 dash three 21 sub one. Yes, I believe that's correct, your honor. Okay, so if that's the case, then the punishment, the sentence there specified as imprisonment for life in the custody of the Department of Corrections doesn't say anything about life without parole or life with parole. And I take it that originally Mr. Greenwood was ineligible for parole because of a separate statute. That's 47-7-3 F. So that statute, as I read the Mississippi Supreme Court's decisions, that's a statute not addressed trial courts that's addressed to the D. O. C. Department of Corrections and its internal operations. Isn't that right? Yes, that's right, your honor. Okay, so here's my question. Notwithstanding what the agreed order says, Mr. Greenwood was never sentenced to, quote, life without parole, was he? No, his sentence was not in one single work product stated to be life without parole, but it nevertheless violated Miller because the impetus of Miller was that if a statutory sentencing scheme, even if the different pieces... I get that. Believe me, you're talking to the life without parole. He was sentenced to life in prison and the operation of the statute was he wasn't eligible for parole. Now, again, I understand that nominally his sentence was vacated, but isn't it true that now under current Mississippi law, we would understand that it's an error to vacate a sentence under these circumstances? I'm thinking of Wharton versus state. The Mississippi Supreme Court has clarified we don't vacate sentences anymore. We allow consideration of parole eligibility pursuant to the statute, but we don't vacate sentences. Isn't that right? Wharton postdates the vacater in this case, so I don't know that it would constitute error at the time it occurred or that... You know now that it was error, right? Well, I don't know that it was error until that holding became binding on the lower courts. And even if it were in fact error, that might not change. In fact, I don't think it would change what actually occurred to... I realize I'm out of time. I'm sorry. I've just finished answering your question, Your Honor. It wouldn't change what in fact occurred to Mr. Greenwood's sentence. So if the court behaved improperly in vacating his sentence, that would still mean it was vacated. Well, if what happened here occurred today, we'd have a totally different case. We wouldn't have the vacator of the sentence. We would simply have Mr. Greenwood being eligible for consideration of parole under this statute with the same sentence, lying. Well, I don't mean to fight your hypothetical, but I think you assumed properly, I'm sure, that the trial court would have obeyed Wharton had that happened today, and it would not have proceeded by vacating. Let's imagine the trial court had disobeyed Wharton and had chosen to, for whatever reason, chosen to vacate, notwithstanding a controlling opinion. I'm not sure that the fact that it dissipated controlling precedent would change the nature of its act. I think that its vacator would still constitute vacator, at least until that action was reversed by a higher court. Okay. Thanks. Thank you, Your Honor. Thank you. You have some more time, Mr. Gino. Oh, I apologize. I believed I'd reserved five minutes for rebuttal, and so I saw the clock. It hit zero, so I thought my time was up for now. What does it say? It says 20 minutes or something like that. That's the other side. Well, that's starting over. That's for Mr. Rutherford. You have five minutes on rebuttal. Thank you, Your Honor. May it please the court. Thank you, Your Honors. Karen Rutherford with the Attorney General's Office, on behalf of the respondent. The petition in this matter is successive for two primary reasons. First, because the amended judgment did not alter petitioner's sentence to life imprisonment, instead only modifying his parole eligibility, petitioner did not receive a new sentence. Even if this court determines that petitioner received a new sentence, the district court should still be affirming this court's component-based approach to determining whether a subsequent habeas petition is successive. First, the modification to petitioner's parole eligibility isn't a new sentence under Magwood. In Magwood, the court stressed that a full resentencing involves reconsideration of the fact there was an agreed order in this case. Instead, petitioner did not receive a new sentence under Magwood and Fifth Circuit precedent because the state court did not reconsider the entire sentence. Petitioner is still serving a life sentence, and parole eligibility determines the portion of that life sentence that he may or may not be required to serve in prison. As this court's decision in Parker demonstrates, not every amended sentence in judgment constitutes a quote new intervening judgment for purposes of a successiveness determination. Instead, this court looks at two things, the impetus and effect of the amended judgment and the state court proceedings. Here, the impetus and the reason for the modification of petitioner's parole eligibility was to remedy the Miller violation presented by petitioner's mandatory life sentence. And as Montgomery versus Louisiana reiterated, the burden on states and implying Miller retroactively to cases on collateral review, like Greenwood's, would neither be onerous nor would it disturb the finality of state court convictions. Likewise, the effect of the amended judgment here is that petitioner received parole eligibility. But importantly, his sentence of life imprisonment did not change. What do we Miss Rutherford? What do we do with the language in the agreed order and judgment that says his prior sentence was vacated and he's re sentenced? I mean, it says that, um, as I said, your honor, as I suggested to opposing counsel today, I think that would be legal error in Mississippi law. But the he had the fortuity of getting this in February of 2019 as opposed to December of 2019, um, which is when Wharton came out. So what do we do with that? Are we bounded to find that he got a new sentence? I don't think so, your honor. I believe, you know, as is well established in this court, the court is not bound by the words used by the state court looks to the substance. And this court's precedent reflects that in, you know, in its decision in Parker, you've got to look at more than just what, what the words used by the state trial court is. You have to look at the impetus and effect, and you've also got to look at what actually happened as opposed to the words used in the agreed order. And this court's precedent suggests that a modification to parole eligibility does not constitute a full resentencing for purposes of a successive misdetermination. For example, in Hensley, this court held that there was not a full resentencing when the only thing that changed to the sentence was the vacator of a habitual offender life sentence. Hensley's original conviction in 60 year sentence was reimposed in the same in Parker. While Parker received a reduction in the terms of his supervised release, this court held that because there was no full resentencing, there was also no new intervening judgment. So Magwood's holding was thus in opposite in each of these cases. And even if this court determines that Greenwood received a new sentence, the district court should still be affirmed under this court's component-based approach to determining whether a subsequent habeas petition is successive. This court already follows a component-based approach in determining whether a subsequent habeas petition is second or successive under the AEDPA. For example, in Lanthan, the court took a individual counts of the singular judgment under attack. To be sure, this case concerns a modification to the sentencing component of the judgment only parole eligibility, rather to an individual count and corresponding sentence sentencing component. But Lanthan demonstrates the type of component-based approach that should apply here. Does Lanthan put us at odds with other circuits? It has, Your Honor. Multiple circuits have distinguished this court's underlying approach taken in Lanthan. In other words, I forget which circuit it is, but there may be another circuit that if you're looking at sort of two counts and one of them is reversed, so you get a new sentence on that one, but the other one's left. Some other circuit, I forget if it's the 11th or what, would say you have an entirely new judgment for Magwood purposes, whereas we evidently don't. Yes, Your Honor. I believe multiple circuits have said that. You may be referring to the ninth circuit or maybe the second. So under this court's component-based approach, subsequent habeas petitions that launch fresh attacks on undisturbed components of amended judgments here, the undisturbed conviction are deemed successive. And Magwood does not support petitioner's position. If anything, only the opposite. And the court can see this in two ways. Magwood raised new errors regarding his new resentencing. As Your Honor, Judge Duncan discussed earlier, Greenwood seeks to raise previously asserted errors related to his old conviction. Thus, Magwood itself took a component-based approach. Magwood actually filed two separate habeas petitions, one challenging the underlying conviction and one challenging his new sentence. And only the latter was at Magwood's decision. And Magwood's new sentence was a... Counsel says all that language about new errors is dicta and we should ignore it. Is that right? I don't believe so, Your Honor. I believe it was important to a determination of whether he received a... Well, first, is it important to a discussion whether he actually received a new sentence? But also, he did raise new errors. He did challenge his new resentencing. So I do believe that is important to look at for this court. Counsel, even if we agree with you about Magwood and what other circuits are doing, why aren't we stuck here by Lampton's bright line with the new sentence? I'm sorry. Can you repeat your question, Your Honor? Why aren't we stuck here to follow our precedent in this area, which has... It's pretty... You could say, well, it's not that administrable because we're here today. But at least it seems to have a bright line rule. New sentence, new judgment, not successive. It's a bright line rule. We've adopted it. And why don't we have to follow it under our rule of orderliness? Well, Your Honor, I argue that he did not receive a new sentence. First and foremost... Well, assuming that we disagree with the nuance that having the eligibility of parole, we think that is a new level because it specifically states it and it's a new sentence. So they called it a new sentence. You're going behind what it was called. So assuming we don't agree with you and we think we have to use what they called it because we have to respect the states and that's what we're supposed to be doing here. So why aren't we bound? Well, if the court follows the rule in Lampton that a new sentence and as acknowledged in Burton v. Stewart and Scott v. Hubert, the sentence is the judgment, then we are still left with a determination whether Greenwood may challenge precisely what he attempts to challenge here. Should we decide that now? Or are we just dealing preliminarily with the gateway question? Yes, Your Honor. I believe the court may determine that now. It would be efficient for the court to do that as opposed to determining it. I'm sorry? Has it been fully briefed by both sides? Yes, Your Honor. Do you believe it's been fully briefed, the underlying question? Yes, Your Honor. Okay. In other words, what you're saying is that Lampton is one thing, right? If we decide, yeah, there's been a new sentence here, then sure, Lampton means new judgment, but that still begs the question of whether Magwood allows the challenge, not just to the sentence, but to the underlying undisturbed judgment. That's still an open question. Absolutely. Even after Lampton, Lampton doesn't hold anything about that. Okay, well, that's not... I appreciate the clarification, Judge Duncan. That really was very helpful because the question I was asking is how you said that it is problematic under ADPA. And I'm asking, can we just cut to the chase? And do you win? And have we briefed that enough? Or are we not allowed to do that? I believe you're allowed to do that, Your Honor. I believe you're allowed to do that, Your Honor. If you determine that Petitioner Greenwood received a new sentence, I feel the court is certainly able to reach the second issue here, whether he can challenge exactly what he attempts to challenge here. And regardless what he attempts to challenge, the district court should still be affirmed for a number of reasons. One, if this court determines that he may not challenge his underlying convictions, such as an abuse of the writ. Or, for example, the Sixth Circuit has adopted an approach that would also affirm the district court here. Well, I'm just asking, on the merits, do you win? And has that been briefed? On the merits of his underlying claim? If we just cut through four layers here, do you win? And is that briefed? Oh, I'm sorry. Are you referring to his challenge of ineffective assistance of counsel? Yes. I'm asking, can you win on the merits if we get through ADPA, we get through Magwood, we get through successive and component parts? And if we get through all of that, do you still win at the end of the day? Or do we know that yet? We don't know that yet. Because it hasn't been briefed, right? Correct. The claim that he raises of ineffective assistance of counsel, you're correct, it has not been briefed. But the issue before the court that the court requested briefing on has been fully briefed. Sorry, I misunderstood your question. Yeah, I was asking if, you know, this may not be the best case to try to revisit Lampton, or maybe you don't think we have to, but I was wondering if it matters, but the answer is, well, we don't know if it matters or not. Yes, Your Honor, that's correct. Also, Magwood's new sentence was the result of a first habeas petition and Greenwood's habeas petition was dismissed as untimely nearly two decades ago. And in Lampton, the court expressly states that more fundamentally, the rule announced in Magwood only applies when a new sentence was imposed as a result of a first habeas petition. What if it was just a new sentence for some third reasons, not because of the habeas petition, but just because? Under that rule in Lampton, his petition is still successive. But whether or not this court embraces such a hard and fast rule in this case, it certainly is a factor that distinguishes this case from not only Magwood, but Lampton, Hensley, and Parker. Under Magwood and this court's precedent applying Magwood, Greenwood's petition is clearly successive and indeed acknowledged by the Magwood court and has previously discussed the statutory phrase second or successive as used in the AEDPA is a term of art. And this court regularly applies the abuse of the Red Doctrine in determining whether a petition is successive. Can I ask you about Mississippi law? You're with the Mississippi General's Office, right? So presumably, you know about Mississippi law. It confuses me a little bit. Because as I read what happened in Wharton, where the Mississippi Supreme Court seems to say, well, we finally actually have read Miller in Montgomery. And we now realize that you don't vacate sentences. You do something else. Well, is that the state of the law in Mississippi right now in a case like this? Yes, your honor. I believe the Supreme Court has. It took a minute to get there, but I feel that the Supreme Court has said this is the proper way to do it. You know, we send it back to the trial court to determine whether whether there's the petitioner is entitled to parole eligibility. And even in Parker v. State, which adopted the Miller factors, the only thing that the state, the only thing the state trial courts are to consider is whether the petitioner is entitled to parole eligibility. Well, I just don't understand whether Parker is consistent with Wharton or whether the Mississippi Supreme Court changed its mind or or what, because I was trying to figure out, did he get did he really get a new sentence? I understand that the agreed order says that, but but as a matter of Mississippi law, did he get a new sentence or does he have the same sentence life, which is what the statute says, life imprisonment, imprisonment for life. But now via the statute, he can get parole consideration. Correct. So whether he you're asking whether he actually receives a new sentence under Mississippi law. Well, I think that the Mississippi law has developed to, for example, if if a petitioner like Mr. Greenwood files a post conviction motion in state court, similar to the one Mr. Greenwood filed, the the proper procedure is for the state Supreme Court to either allow him to grant him leave to file it in the trial court. And then the trial court can either, after a Miller hearing, decide to deny the post conviction motion or grant it and provide him parole eligibility. So under the under the scenario that under that scenario, there's no there's no new sentence. If his parole, if his PC post conviction motion is just denied, we're granted with parole eligibility. That is my understanding. I can't find it. I can't find a single Magwood case in the circuits that deals with this Montgomery parole eligibility scenario. Is there one or is this the first one? Your Honor, you and me both. There is one in the First Circuit that is pending. And the First Circuit notably has adopted a different procedure. I'm sorry, Massachusetts, which is in the First Circuit has adopted a different procedure than the Mississippi courts have adopted with regard to remitting Miller violations. But I don't I don't think that gets us to a different spot. Because I mean, as the as well established in this court, you've got to look at this court's law, not just what the state court does in determining whether a petition is successive or not. So that that that case in the First Circuit is still pending currently, but that's the only one I was able to find regarding this particular Miller and Montgomery issue. Thanks. Further, petitioners parole eligibility is at most analogous to a federal sentence reduction under 18 U.S.C. Section 3582. And as this court explained in Jones, in cases involving sentence modifications entered under Section 3582, the sentence modifications benefit the prisoner do not require a full resentencing and thus do not result in the entry of a new judgment. The Sixth Circuit in Kringle v. Kelly and Freeman v. Wainwright relied on Section 3582 and holding that Magwood extends only to cases involving a new worse than before sentence. And while Section 3582 was not the basis for the change to the sentences in Kringle and Freeman, much like Petitioner, the Sixth Circuit applied the rationale applicable to Section 3582 sentence modifications and held that in cases in which a limited resentencing benefits the prisoner, the original judgment is undisturbed and continues to constitute a final judgment. Thus, even in circuits like the Sixth Circuit that otherwise reject this court's component-based approach, Petitioner's petition is still successive under the AEDPA. And to conclude, there are two independent avenues to affirmance of the district court here. First, because the amended judgment did not alter Petitioner's sentence to life imprisonment, instead only modifying his parole eligibility, Petitioner did not receive a new sentence for purposes of a successiveness determination. And second, the district court's successiveness determination should be affirmed under this court's component-based approach to determining whether a subsequent habeas petition like Greenwood's is successive. Thank you. Okay, thank you, Mr. Senator. Mr. Gino, she has five minutes on the button. Thank you, Your Honor. First, I'd like to address Krangel, which my friend on the other side raises. Krangel's rule about whether or not a sentence amounts to a resentencing creating a new judgment, that rule is confined to limited resentencing. So the examples they offered in that case were 3582C2 reductions or reductions under Rule 35B. And that is not the rule. Obviously, that can't be the rule for all resentencing because it didn't apply in Magwood itself. The sentence in Magwood was exactly the same both times, before and after resentencing. So given that Mr. Greenwood did not undergo a partial or limited resentencing, but rather underwent a full one, the rule in Krangel can't apply here. I'd also think it's important to note that the court may have to decide whether state law matters to the question of what constitutes resentencing. Do you look to the views of the court or do you pierce the veil and just make a determination of what happened underlying it? Given that, and I think the better position likely that state law does not matter. It certainly doesn't matter for EDPA finality, which was a holding in Scott v. Huber. But I think either way, the unavoidable conclusion is that there was a resentencing. First, we know what the Himes County Circuit Court thought it was supposed to do because it was pre-Wharton. It understood, Parker, to mean that the necessary steps are vacater, holding a hearing where you consider the Miller factors, and then resentencing. The fact that Wharton now says that's not what you should do doesn't change that that is what they thought they should do and in fact what they did do. So we know what they believe they did and if that's, if Mississippi law or the state of Mississippi law at the time that occurred is controlling, then we know there was a resentencing. Do you think whether he got a new judgment is a question of federal law or state law? Federal law, your honor. Okay, so then does it matter what the agreed order in judgment says then if it's a question of federal law? I think it can be, it may be a mixed question. I hate to give some sort of complex non-answer like that because obviously what the state court actually did does matter and they did decide what did. Now the order is complex because it's both a description of what they did and it's the actual, it's the judicial act itself and so the dimensions of judicial act are defined by the words in the order. But I'd like to push back on a point that my friend raised which was that there was no resentencing because the only possible change that could have occurred at the sentencing hearing was a choice between life without the possibility of parole or life with the possibility of parole. But that's exactly the same choice that had Miller predated Mr. Greenwood's original sentencing, the original sentencing trial court would have faced that choice. They would have been required to consider one of two options, life without parole or life with the possibility of parole. That would have nevertheless been a sentencing hearing just because the sentencing court's discretion is constrained to a limited range of choices doesn't mean the choices before the sentencing court in 2019 and it was exactly as though we had gone back in time to the original sentencing and we were redoing it albeit this time with the proper consideration of Miller factors and without the mandatory nature of the life sentence. Can I just ask you about the sort of the practicalities of your position? Let's assume you win and we decide yeah he got a new sentence and so therefore there's a new judgment and so the petition which attacks the underlying conviction and not the sentence is not successive. You're going to you want to raise the same claim ineffective assistance of counsel that was already dismissed as untimely. What happens at that point if you can do all that? Why don't you just get the same result still untimely? It may be that we get the same result your honor and that was something the Magwood court recognized and it presented that as a reason to not be worried about a flood of unmeritorious claims getting an unfair second. I got it but presumably you're not doing this just as an exercise in federal civil procedure right? You're doing this to get relief for a client. What possible hope do you have to get relief for a claim that's already been denied as time barred? I'm not sure your honor. I'm not as I'm not was not counsel below and so I'm not familiar with Mr. Greenwood's ineffective assistance of trial counsel claims so I can't speak to their merits or what might be different on you know a second attempt. Okay. I'm sorry I didn't mean to cut any. You may speak. Go ahead. Thank you your honor. I only wanted to. Finish your statement then you'll be out of it. Thank you very much your honor. I only wanted to say that the 11th circuit relied on an EDPA finality case for error in in Signaris in concluding that there are no separate sentencing and conviction judgments and I think that this court is in precisely the same position and should proceed in the same way and this court noted in Scott v. Hubert that the proposed distinction between sentencing and is one that the petitioner in Burton v. Stewart embraced and indeed tried to press as the you know I did the right thing filing a habeas petition in 1998 challenging a 94 conviction and a petition in 2002 challenging a 98 sentence and the court bounced that as second or successive so I think that fairly clearly demonstrates that the determination of finality for other purposes and when a judgment is final for second or successive purposes it's one in the same provision. You've exceeded your your time limit. Apologize. Thank you your honor. This case will be submitted and this court will adjourn until until further notice. Thank you. Thank you. I missed the uh